UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JACKIE LEE O'NEAL, #1469209,

    Petitioner,

v.                                                              Civil Action No. 2:19-cv-139

HAROLD W. CLARKE, DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner Jackie Lee O'Neal ("O'Neal") is a Virginia inmate currently serving a seven-year active sentence on 2016 convictions for possession of drugs, drug paraphernalia, and resisting arrest. In this pro se federal habeas petition, O'Neal asserts three claims for relief, each alleging ineffective assistance of his trial counsel. Respondent filed a Motion to Dismiss the petition, (ECF No. 10), and the case was referred to the undersigned United State Magistrate Judge pursuant to 28 U.S.C. § 636. For the reasons explained below, the court finds that O'Neal has not plausibly alleged entitlement to relief on two claims. However, a third claim cannot be decided without resolving a factual issue concerning his attorney's presentation of a pretrial plea offer. This report therefore RECOMMENDS the court GRANT IN PART and DENY IN PART Respondent's Motion and DISMISS O'Neal's petition as to Claims Two and Three, and direct further proceedings to resolve Claim One.

### I.    Statement of the Case

O'Neal was convicted by a jury in the Circuit Court for Spotsylvania County on one count of possession of controlled substances, one count of possession of drug paraphernalia, and resisting

1

arrest. On February 24, 2016, the court sentenced O'Neal to seven years on the drug possession charge, nine months for possessing drug paraphernalia, and twelve months for resisting arrest. Sentencing Order, Resp't's Mem. Supp. Mot. to Dismiss ("Resp't's Mem."), Ex. 1, at 6 (ECF No. 12-1). The two misdemeanor sentences were to run concurrently with each other and the felony possession count, for a total active sentence of seven years. Id.

O'Neal, by counsel, appealed to the Court of Appeals of Virginia, raising four assignments of error. As relevant here, the appeal presented the questions of whether the trial court erred in admitting unsworn testimony, and whether there was a defect in the chain of custody for a "burnt" spoon offered in evidence. The court of appeals denied all of O'Neal's claims in a written opinion by a three-judge panel. O'Neal v. Commonwealth, No. 0301-16-2 (Va. Ct. App. Oct. 3, 2016) (ECF No. 12-2). O'Neal then petitioned the Virginia Supreme Court for appeal, which refused the petition. O'Neal v. Commonwealth, No. 161654 (Va. May 16, 2017) (ECF No. 12-2).

On July 19, 2016, O'Neal, proceeding pro se, filed a state habeas petition with the Supreme Court of Virginia alleging ineffective assistance of counsel as a result of his trial attorney's failure to object to a witness being allowed to testify without being sworn. Resp't's Mem., Ex. 3, at 6 (ECF No. 12-3). The supreme court denied the petition in a written opinion, finding that O'Neal could not establish prejudice resulting from the witness testifying without being sworn. O'Neal v. Director, No. 161067 (Va. Aug. 29, 2017) (ECF No. 12-4).

While his first petition was still pending, O'Neal filed a second state habeas petition with the supreme court on September 2, 2016. Resp't's Mem., Ex. 7 (ECF No. 12-7). This petition repeated O'Neal's ineffectiveness claim regarding unsworn testimony and added a new claim related to the chain of custody for the "burnt" spoon evidence. His second petition argued that "the officer threw the evidence on the ground and left the crime scene contaminating the evidence."

Id. at 6. The supreme court denied O'Neal's second petition as successive and barred by Virginia Code § 8.01-654(B)(2). O'Neal v. Deneke, No. 161324 (Va. Dec. 6, 2016) (ECF No. 12-6).

O'Neal's third state habeas petition was filed in the Virginia Supreme Court on October 3, 2016 and argued that his trial counsel was ineffective for withholding a plea offer that had been tendered prior to trial. Resp't's Mem. Ex. 8, at 6 (ECF No. 12-8). He appended to this petition a copy of an email that he purportedly obtained "after the trial in a file I requested." Id. The email appears to have been sent by the prosecutor in O'Neal's trial and states that the Commonwealth's "offer for Mr. O'Neal" would be "5 yrs/4 yrs and 4 months suspended/8 months active." The email is addressed to Jeremie Childress, who was O'Neal's first court appointed counsel. O'Neal claimed his attorney did not present the offer and that had he presented it, O'Neal would have accepted it. The Supreme Court also dismissed this petition as successive, finding O'Neal had knowledge of the facts underlying the claim at the time he filed his first petition.[1] O'Neal v. Childress, No. 161420 (Va. Dec. 12, 2016) (ECF No. 12-9).

Finally, on July 24, 2018, O'Neal filed a fourth state habeas petition in the Circuit Court for Spotsylvania County. Resp't's Mem., Ex. 10 (ECF No. 12-10). This petition re-asserted claims related to the unsworn testimony, withheld plea agreement, and the chain of custody issue. The circuit court denied the petition as both untimely and successive on February 19, 2019. O'Neal v. Clarke, No. CL18-2693 (Va. Cir. Ct. Feb. 19, 2019) (ECF No. 12-11).

---

[1] From the supreme court record, it appears that O'Neal also tried to amend or supplement his first habeas petition with the facts related to the withheld plea agreement. In a written order the court denied a request "to supplement his habeas corpus petition." Order, O'Neal v. Director, No. 161069 (Va. Feb. 2, 2017).

3

O'Neal timely filed this federal habeas petition on March 22, 2019. He amended his petition April 22, 2019. (ECF No. 3). O'Neal's Amended Petition raises three grounds for relief, all apparently related to alleged ineffective assistance of counsel at trial. He claims his various attorneys were ineffective for (1) failing to present him with a proposed plea agreement prior to trial, (2) failing to object when a sheriff's deputy testified without being sworn, and (3) failing to object to an inadequate chain of custody for a burnt spoon offered as evidence against him. See Amend. Pet. 6-8 (ECF No. 3, at 6-9). Respondent filed a Rule 5 Answer and Motion to Dismiss, as well as the notice to pro se plaintiffs required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (ECF Nos. 10-12.) Respondent contends that O'Neal's claims are without merit. Specifically, his brief argues that Claim One is procedurally defaulted and therefore barred from federal review, see Wainwright v. Sykes, 433 U.S. 72 (1977), and that Martinez v. Ryan, 566 U.S. 1 (2012), does not apply to excuse any default because O'Neal's ineffectiveness claim regarding the withheld plea agreement is insubstantial. The brief also notes that the Virginia Supreme Court decided Claim Two regarding unsworn testimony on the merits and argues that O'Neal cannot meet the deferential standard of review under 28 U.S.C. § 2254(d). O'Neal responded to Respondent's brief (ECF No. 15), and the matter is ripe for review.

## II.     Federal Review of Habeas Claims by State Prisoners

**A.     Procedural requirements for federal habeas petitioners under 28 U.S.C § 2254**

As a person in custody pursuant to the judgment of a state court, O'Neal's petition for a writ of habeas corpus is governed by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. AEDPA requires that before seeking a writ in federal court, a person in state custody must exhaust all the remedies available in the state courts or demonstrate that such remedies are unavailable or ineffective to protect his rights. § 2254(b)(1). The exhaustion

4

requirement reflects the strong interest in allowing state courts the first opportunity to correct constitutional errors in state proceedings. See Coleman v. Thompson, 501 U.S. 722, 731 (1991); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated in part on other grounds by Miller-El v. Dretke, 545 U.S. 231 (2005). "Fair presentation" requires clarity and completeness—the claim must encompass "the operative facts and the controlling legal principles." Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (quoting Matthews, 105 F.3d at 911); see also Breard, 134 F.3d at 619 ("The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition.").

Failure to properly exhaust claims in state court may give rise to procedural default, barring federal habeas review. Procedural default results when a petitioner fails to comply with state procedural rules for raising a claim. Because noncompliance with the state procedural rule constitutes an independent and adequate state law ground for decision, a federal court has no power to review it. See Coleman, 501 U.S. at 729-30; Bassette v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990). This consequence is apparent on direct review of state court judgments—if a federal court's "resolution of a federal question cannot affect the [state court] judgment, there is nothing for the [c]ourt to do." Coleman, 501 U.S. at 730. By contrast, federal habeas courts proceeding under § 2254 do not "review a judgment, but the lawfulness of the petitioner's custody simpliciter." Id. But the Supreme Court has explained that this difference is immaterial. "When a federal habeas court releases a prisoner held pursuant to a state court judgment that rests on an independent and adequate state ground, it renders ineffective the state rule just as completely as if [the Supreme] Court had reversed the state judgment on direct review." Id.

A federal habeas petitioner whose claims are procedurally defaulted must therefore demonstrate "cause and prejudice" to excuse the default. See Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009). "Cause" under this standard ordinarily requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish "prejudice," a petitioner must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

**B.  Standard of review under 28 U.S.C. § 2254(d)**

Federal courts review exhausted habeas claims under the deferential standard established by AEDPA, 28 U.S.C. § 2254(d)(1)-(2). Section 2254(d)(1) permits a federal court to grant relief on a claim adjudicated on the merits in state court if the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." Section 2254(d)(2) permits relief if the state adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

The "contrary to" and "unreasonable application of" clauses in § 2254(d)(1) define two distinct "categories" of cases in which federal habeas relief is available. Williams v. Taylor, 529 U.S. 362, 404-05 (2000). A state court decision is "contrary to" clearly established federal law if it reaches the opposite conclusion to that of the Supreme Court on a point of law, or if it decides a case differently than the Supreme Court on a materially indistinguishable set of facts. Barnes v. Joyner, 751 F.3d 229, 238 (4th Cir. 2014) (citing Williams, 529 U.S. at 413). A state court decision is an "unreasonable application of" clearly established federal law if it identifies the correct legal

6

principle but "unreasonably applies that principle to the facts of the prisoner's case." Id. (quoting Williams, 529 U.S. at 413).

"Unreasonable" as used in § 2254(d)(1) means more than merely "incorrect." Williams, 529 U.S. at 410. The state court ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Barnes, 751 F.3d at 238 (quoting White v. Woodall, 572 U.S. 415, 420 (2014)). As for § 2254(d)(2), an unreasonable determination of fact is one that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528-29 (2003).

### III. Recommended Findings of Fact and Conclusions of Law

**A. Claim Two fails to plausibly allege a claim for relief because O'Neal has not shown that the Virginia courts unreasonably applied federal law in assessing the performance by O'Neal's counsel**

In O'Neal's second claim for relief in his federal habeas petition, he alleges that his trial counsel was ineffective for failing to object when a sheriff's deputy was permitted to testify without first being sworn. O'Neal properly exhausted this claim when he presented it to the Supreme Court of Virginia in his first state habeas petition. (ECF No. 12-3). O'Neal cannot, however, demonstrate that the state court's resolution of the claim failed to satisfy the deferential review due under § 2254(d). Claim Two is therefore barred from federal review.

As described by the Supreme Court of Virginia, these are the facts related to the unsworn testimony underlying Claim Two:

> The record, including the trial transcript, demonstrates the trial court directed the parties to bring their witnesses to the front of the courtroom for the administration of the required oath or affirmation. The prosecutor called the names of several witnesses, but not Deputy Baugh. It is unclear whether Baugh was in the courtroom at that time and was sworn notwithstanding the failure to mention his name. Later during the trial, when the prosecutor called upon "Baugh to testify, the trial court asked whether the deputy was "previously sworn." Baugh responded "No, ma'am.

Yes, ma'am, I was." The court asked, "You were sworn earlier today?" Baugh replied, "Yes ma'am." The court, without objection, permitted Baugh to testify. The transcript states Baugh testified after "first being duly sworn."

O'Neal v. Director, No. 161067, at 1-2 (Va. Aug. 29, 2017) (ECF No. 12-4).

Baugh then testified to his actions on the night of O'Neal's arrest, including his observation of an obviously disoriented O'Neal handing him a spoon with a "tannish" residue. When O'Neal ignored Baugh's commands, he dropped the spoon to the ground and chased O'Neal, eventually arresting him. Baugh testified to various admissions O'Neal made regarding his drug use and ownership of the spoon. The supreme court opinion also reviewed testimony from Tracy Bucher, an employee of the Dairy Queen where O'Neal was apprehended, and from volunteer firefighter Tyler Butcher, who arrived to assist with medical treatment. Butcher retrieved the spoon, placed it in a plastic bag using his gloved hand, and returned it to Baugh after O'Neal was apprehended. Both Bucher and Butcher generally corroborated Deputy Baugh's description of the scene.

After reviewing this evidence, the court denied Claim Two, finding that O'Neal could not establish prejudice from his attorney's failure to object to the unsworn testimony:

> Assuming without deciding Deputy Baugh was mistaken and had not been sworn before he testified, any deficient performance on counsel's part did not "prejudice[] the defense." Strickland, 466 U.S. at 688. Absent lawful administration of the oath or affirmation, Baugh could not have committed perjury as a matter of law. See Code § 18.2-434 (perjured testimony cannot occur unless "an oath is lawfully administered"). To the extent petitioner asserts more generally that Baugh was permitted to testify untruthfully, he fails to explain how the result of the proceeding would have been different had Baugh been sworn. Petitioner contends, in essence, that counsel should have objected when the court permitted Baugh to testify because Baugh had not taken the required oath or affirmation that he would testify truthfully. To be timely, counsel needed to raise that objection when the court permitted Baugh to testify. Kondaurov v. Kerdasha, 271 Va. 646, 655, 629 S.E.2d 181, 185 (2006) ("An objection to the admissibility of evidence must be made when the evidence is presented."). Had counsel raised a timely objection, however, this Court may presume the trial court would have required Baugh to give the oath or affirmation before testifying and would not have permitted Baugh to deliver unsworn testimony. See Napert v. Napert, 261 Va. 45, 47, 540 S.E.2d 882, 884

8

> (2001) (explaining courts "are presumed to act in accordance with the law"). Moreover, petitioner fails to proffer what aspects of Baugh's testimony, which was consistent with, and supported by, the testimony of the Commonwealth's other witnesses, were false or in what respects Baugh's testimony would have been different had the oath or affirmation been administered. Thus, petitioner has failed to demonstrate there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Id. at 3.

Because Claim Two was decided on the merits by the state court, this court views it through the lens of § 2254(d). To obtain review in this court, O'Neal must demonstrate that the state court's conclusions were contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent or were based on an unreasonable determination of the facts. Williams, 529 U.S. at 410.

An ineffective assistance of counsel claim consists of two parts. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the "performance" prong, O'Neal must show that "counsel's representation fell below an objective standard of reasonableness," such that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88. To satisfy the "prejudice" prong, O'Neal must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

To succeed on such a claim in the context of § 2254(d), O'Neal must demonstrate that the state court unreasonably applied this two-part test. This creates a "double-deference" standard of review that "effectively cabins [the court's] review to a determination of 'whether there is any

reasonable argument that counsel satisfied Strickland's deferential standard.'" Morva v. Zook, 821 F.3d 517, 528 (4th Cir. 2016) (quoting Harrington v. Richter, 562 U.S. 86, 105 (2011)). The difficulty of obtaining relief under this standard is intentional. Harrington, 562 U.S. at 102. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

In this court, O'Neal has not attempted to make the required showing under Harrington; instead he repeats the arguments set forth in his original state petitions. Importantly, the Virginia Supreme Court's decision denying Claim Two did not depend on resolving any factual question regarding whether the officer had been placed under oath. Instead, the court assumed without deciding that an error during the trial permitted him to testify without being sworn. But, the circumstances of the assumed error suggest that a contemporaneous objection would not have changed the result because there was no evidence (not even a proffer of evidence) suggesting the officer's testimony was false, or that he would have testified differently if properly sworn. Moreover, as the supreme court also noted, his testimony was entirely consistent with descriptions by at least two other witnesses. Accordingly, O'Neal has not established that the state court's application of Strickland's prejudice test was unreasonable, and review of Claim Two in this court is barred by 28 U.S.C. § 2254(d).

**B. Claims One and Three are procedurally defaulted but Claim One plausibly alleges an ineffectiveness claim subject to further review under Martinez v. Ryan**

Claim One of the present petition alleges that his trial counsel was ineffective for failing to disclose a pretrial plea offer. O'Neal presented this claim to the Virginia Supreme Court in his

10

third state habeas petition. (ECF No. 12-8). Likewise, Claim Three, to the extent it arises from his attorney's failure to object to the chain of custody for the spoon used as evidence to convict him on the drug paraphernalia charge, was first raised in his second habeas petition in the Virginia Supreme Court. (ECF No. 12-7). Both those petitions were dismissed as successive. See Resp't's Mem., Ex. 8 (ECF No. 12-11). See Va. Code § 8.01-654(B)(2) (barring successive petitions). The claims are therefore procedurally defaulted. See Clagett v. Angelone, 29 F.3d 370, 379 (4th Cir. 2000) (recognizing Va. Code § 8.01-654(B)(2) as adequate and independent state grounds for dismissal). As such, federal habeas review is barred unless O'Neal can show cause and prejudice to excuse the default, Coleman, 501 U.S. at 750, or that failure to review his claims will result in a fundamental miscarriage of justice, see Carrier, 477 U.S. at 495-96.

Here, O'Neal has not made a detailed argument to establish cause or prejudice and excuse his default of either claim. His response argues vaguely that both he and the court "made mistakes," but he does not identify any objective factor, external to the defense, that prevented his timely assertion of Claim Three. With regard to Claim One, however, he has stated that the Commonwealth erroneously argued that he knew of the withheld plea agreement when he filed his first habeas petition. In support, he relies on a letter from his former counsel dated August 12, 2016, in which the allegedly withheld plea agreement is addressed. Pet'r's Resp. to Resp't's Mot. to Dismiss 5 (ECF No. 15); Resp't's Mem., Ex. 10, at 10 (ECF No. 12-10). Although the letter does not explicitly confirm the date O'Neal learned of the offer, August 12, 2016 is after the date his first habeas petition was filed.

O'Neal did not initially argue that the Supreme Court's decision in Martinez v. Ryan, 566 U.S. 1 (2012), would excuse his default of Claims One and Three, but in deference to his pro se status, the report has considered whether Martinez would permit federal review of either claim. In

11

Martinez, the Court established a narrow exception to Coleman's general rule that attorney error does not constitute cause to excuse procedural default. See id. at 9. The Court held that in so-called "initial-review collateral proceedings,"[2] inadequate assistance of counsel "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. Thus, if state law requires that prisoners raise ineffectiveness claims in collateral proceedings rather than on direct review (as Virginia does, see Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001)), a federal habeas court may excuse default if a petitioner was without counsel or if state habeas counsel was constitutionally deficient. See Martinez, 566 U.S. at 9. In such cases, however, a petitioner must also show that the underlying ineffective-assistance-of-trial-counsel claim is "substantial"—that is, "has some merit." Id. at 14.

In this case, O'Neal did not have the assistance of counsel for his initial habeas filing in the Supreme Court of Virginia. And his failure to include Claims One and Three in that initial petition caused the procedural default, as both his later petitions asserting the claims were dismissed as successive. Respondent apparently concedes that Martinez applies, but argues that O'Neal cannot meet the third element of the Martinez test because his remaining ineffectiveness claims lack merit. After reviewing the evidence in the record as to both claims, this report concludes that Claim One plausibly alleges a meritorious claim of ineffectiveness but Claim Three does not.

---

[2] "Initial-review collateral proceedings" are those proceedings that, under state law, "provide the first occasion to raise a claim of ineffective assistance at trial." Martinez, 566 U.S. at 8.

### 1. Claim One

In <u>Missouri v. Frye</u>, the Supreme Court held that the Sixth Amendment right to counsel poses on attorneys the "duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 566 U.S. 134, 145 (2012). Ineffective assistance claims arising in the plea context generally focus on "whether counsel's constitutionally ineffective performance affected the outcome." <u>Merzbacher v. Shearin</u>, 706 F.3d 356, 363 (4th Cir. 2013). To demonstrate prejudice, O'Neal must show a reasonable probability that he would have accepted the earlier plea offer if he had received effective assistance, and "that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." <u>Merzbacher</u>, 706 F.3d at 366 (citing <u>Frye</u>, 566 U.S. at 147).

O'Neal has produced an email that appears to indicate the prosecutor was prepared to accept a plea to the drug possession charge that would carry only an eight-month active sentence. Resp't's Mem., Ex. 10, at 8 (ECF No. 12-10). This is vastly less severe than the active sentence of seven years he received following his conviction on that charge. Accordingly, in the absence of any contrary determination by the state court, O'Neal's statement that his attorney never presented the offer, and that he would have accepted it if presented, is sufficient to plausibly state a claim for habeas relief. <u>See Lafler v. Cooper</u>, 566 U.S. 156, 168 (2012) ("[P]rejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges, or the imposition of a more severe sentence."). Importantly, the record both in the Supreme Court of Virginia and here contains no evidence disputing O'Neal's suggestion that he did not receive

any information concerning the plea offer at the time it was made. Indeed, it is not clear whether counsel will even dispute O'Neal's claim in this regard.[3]

Respondent nonetheless argues that O'Neal's Claim One is still not substantial because he will be unable to demonstrate that he would have accepted the plea offer, or that it would not have been withdrawn or rejected by the court. Resp't's. Mem. at 8 (ECF No. 12). See Merzbacher, 706 F.3d at 366 (petitioner must demonstrate reasonable probability plea would have been entered and accepted by the court). In support of these claims, the brief first cites various parts of the record in which O'Neal laments not having reached an agreement on plea terms and regrets his decision to go to trial, but these statements do not explicitly contradict his current position. Respondent also argues that the trial court declined to suspend any of the seven-year sentence recommended by the jury. O'Neal had multiple prior convictions and the evidence of his behavior at the time of arrest suggests aggravating circumstances, which may have led the court to impose a higher sentence. Relying on this record, Respondent contends that the court likely would have rejected the plea even if O'Neal had accepted it. But, the email containing the favorable offer is dated August 31, 2015, only two months prior to his trial, and contains a reference to his previous convictions, including a prior felony drug possession conviction for which he also received a long-suspended sentence. Thus, the email standing alone establishes that the prosecutor was aware of O'Neal's prior record at the time the offer was made. And much of the evidence regarding the

---

[3] The email was directed to O'Neal's first trial attorney, who eventually withdrew from the case as a result of a conflict. The file contains a letter from O'Neal's counsel later in the proceedings directing him to Missouri v. Frye and repeating O'Neal's statement that he had not received the original offer. The letter, however, does not address whether that attorney had received the offer from O'Neal's prior counsel.

14

aggravating circumstances of his arrest was introduced during the trial. Had the parties presented a plea offer with the recommended sentence outlined prior to trial, it is possible that the trial court would have accepted it and never heard such evidence.

This is not to say that O'Neal's petition alone has established a right to relief. The requirement of demonstrating a "substantial claim" to obtain review under Martinez is "simply a preliminary filter with a standard of proof significantly lower than for success on the merits." Gray v. Davis, No. 1:11cv630, 2014 WL 2002132, at *3 (E.D. Va. May 13, 2014). A conclusion that O'Neal has sufficiently pled such a claim is "used solely for determining whether the court should proceed further to a final determination of the claim with, as warranted, the development of a more extensive record or an evidentiary hearing." Id. At this stage of the proceedings, in the absence of any evidence of what plea negotiations actually took place or what arguments may have been presented to the trial judge in support of any plea, the suggestion that it may have been rejected is not sufficient to render O'Neal's claim insubstantial on a motion to dismiss. Instead, his Claim One plausibly alleges a claim of ineffectiveness not barred from review under Martinez.

2. **Claim Three**

Respondent's brief fails to specifically address Claim Three, regarding the chain of custody objection to the "burnt" spoon offered against him. To the extent this claim is premised on trial court error in the chain of custody, it was addressed on direct appeal and O'Neal has not asserted any basis for review under 28 U.S.C. § 2254(d). To the extent he alleges ineffectiveness based on his counsel's failure to object, this claim is procedurally defaulted as a result of O'Neal's series of state habeas filings. Unlike Claim One, however, Claim Three is not sufficiently "substantial" to warrant review under Martinez.

15

Claim Three is premised on an alleged error in failing to exclude evidence of a burnt spoon, offered against O'Neal during the trial. On direct appeal the court of appeals closely examined the chain of custody issues underlying admission of the spoon and found no error.

> The evidence showed that appellant handed a spoon to Baugh, then appellant fled. Baugh testified the spoon had burn marks and "a tannish off-white color" residue on it. Baugh threw the spoon to the ground and pursued appellant. Baugh apprehended appellant and appellant admitted the spoon belonged to him.
>
> Tyler Butcher, a volunteer firefighter at the scene, testified he saw appellant hand the spoon to Baugh. Butcher testified the spoon was "burnt." Butcher saw appellant flee and Butcher saw the spoon on the ground. He picked it up with his gloved hand and placed it into a biohazard bag. On cross-examination, Butcher stated he believed the spoon he retrieved was the spoon appellant handed to Baugh. Butcher also estimated about one minute had passed between the time he saw appellant exit the restaurant and the time he retrieved the spoon. When Baugh returned with appellant, Butcher placed the bagged spoon into an evidence bag provided by Baugh. Butcher stated Baugh sealed the evidence bag. Baugh testified he placed the evidence envelope into his secured vehicle where it remained until he returned to the sheriff's office and placed it into the evidence locker.

O'Neal v. Commonwealth, No. 301-16-2, at 3 (Va. Ct. App., Oct. 3, 2016) (ECF No. 12-2).

Based on this record, the Court of Appeals concluded that "the Commonwealth showed with reasonable certainty that the spoon was not altered, substituted, or contaminated prior to analysis, and any discrepancies in the chain of custody went to the weight of the evidence rather than its admissibility." Id. at 4. Because the evidence was admissible, any suggestion that O'Neal's counsel rendered constitutionally ineffective representation not objecting to it is not substantial. As a result, Martinez would not excuse the procedural default. See Baines v. United States, 707 F. Supp. 2d 656, 664 (E.D. Va. 2010) ("[I]t is axiomatic that the 'prejudice' element of the ineffective assistance inquiry is not met when the sole basis for the claim is that counsel failed to assert a meritless objection."). Accordingly, Claim Three is barred from federal review.

### IV. Conclusion

For the foregoing reasons, the undersigned recommends Respondent's Motion to Dismiss (ECF No. 10) be GRANTED IN PART and DENIED IN PART; that O'Neal's Claims Two and Three be dismissed with prejudice; that the Court direct further proceedings to develop the record on O'Neal's claim that he was not presented with the plea offer including discovery and, if necessary, an evidentiary hearing to finally resolve O'Neal's Claim One.

### REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

Norfolk, Virginia  
January 9, 2020

DOUGLAS E. MILLER  
UNITED STATES MAGISTRATE JUDGE

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

**Jackie Lee O'Neal, #1469209**
Indian Creek Correctional Center
P.O. Box 16481
Chesapeake, VA 23328

A copy of the foregoing Report and Recommendation was electronically mailed this date to the following:

**Rachel Lynsie Yates**
Office of the Attorney General (Richmond)
202 North 9th Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

January 9, 2020