UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JACKIE LEE O'NEAL, #1469209,

Petitioner,

v.  CIVIL NO. 2:19cv139

HAROLD W. CLARKE, DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS,

Respondent.

## ORDER

This matter comes before the Court on the Director of Virginia Department of Corrections Harold W. Clarke's ("Respondent") Motion to Dismiss and Brief in Support ("Motion" or "Motion to Dismiss") filed on June 5, 2019. ECF No. 10. Respondent's Motion requests that the Court dismiss Jackie Lee O'Neal's[1] ("Petitioner") pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"), which challenges his convictions in the Circuit Court for Spotsylvania County ("Circuit Court").[2] ECF No. 1. Following a jury trial in the Circuit Court, Petitioner was convicted of one count of possession of controlled substances, one count of possession of drug paraphernalia, and one count of resisting arrest, and was sentenced to a total active sentence of seven years. ECF No. 12-1 at 5,7.[3]

---

[1] Petitioner is a Virginia state prisoner.

[2] On April 22, 2019, Petitioner amended his § 2254 Petition. ECF No. 3. This Court and United States Magistrate Judge Douglas E. Miller based their respective responses based on the amended § 2254 Petition.

[3] The Petitioner's appeal of his Circuit Court conviction and his series of state petitions for writ of habeas corpus are fully set forth in United States Magistrate Judge Douglas E. Miller's Report & Recommendation. See ECF No. 18. Therefore, the Court provides only a summary of the relevant federal procedural history below.

## I. PROCEDURAL HISTORY

On March 22, 2019, Petitioner filed his § 2254 Petition, ECF No. 1, and he amended his § 2254 Petition on April 22, 2019. ECF No. 3. Petitioner's § 2254 Petition raises three grounds for relief related to alleged ineffective assistance of counsel at trial: (1) failing to present him with a proposed plea agreement prior to trial ("Claim One"); (2) failing to object when a witness testified without being sworn in ("Claim Two"); and (3) failing to object to an inadequate chain of custody for a burnt spoon offered as evidence against him ("Claim Three"). ECF No. 3 at 5–9.

On June 5, 2019, Respondent filed a Rule 5 Answer ("Answer"), the instant Motion to Dismiss, and briefs in support thereto, as well as the notice to pro se plaintiffs required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). ECF Nos. 10–12. Respondent moved to dismiss Petitioner's § 2254 Petition on the grounds that Claim One was procedurally defaulted and barred from review and that Claim Two was exhausted.[4] Respondent's Motion to Dismiss did not address Petitioner's Claim Three.

The matter was referred to United States Magistrate Judge Douglas E. Miller, pursuant to provisions of 28 U.S.C. § 636. On January 9, 2020, Judge Miller issued his Report & Recommendation, recommending that the Respondent's Motion to Dismiss be granted as to the Petitioner's Claims Two and Three and be denied as to Petitioner's Claim One ("R&R"). ECF No. 18 at 17. By copy of the R&R, the parties were advised of their right to file written objections thereto. Id. at 17.

---

[4] Respondent's Motion to Dismiss labels Petitioner's claims in a different order than Petitioner's § 2254 Petition and United States Magistrate Judge Douglas E. Miller's Report & Recommendation. This Order labels Petitioner's claims consistent with the § 2254 Petition and the Report & Recommendation.

On January 23, 2020, Respondent filed Objections to the R&R, challenging the recommendation that Claim One should proceed. ECF No. 23. That same day, Respondent also filed a Motion to Amend and Supplement its Rule 5 Answer and Motion to Dismiss to Assert Untimeliness ("Motion to Amend and Supplement"), ECF No. 19, as well as a Supplemental Rule 5 Answer ("Supplemental Answer"), ECF No. 20, and a Supplemental Brief in Support of its Motion to Dismiss ("Supplemental Motion to Dismiss") (together the "Supplemental Filings"). ECF No 21. Respondent argues that he "inadvertently miscalculated the amount of statutory tolling the petitioner was entitled to and, as a result, the respondent incorrectly asserted that O'Neal's petition was timely." ECF No. 19 ¶ 1. Respondent asks the Court to grant leave to amend and supplement his original pleadings so that he may include his untimeliness argument.[5] Id. ¶ 2. Respondent also states that he "has no objection to this Court remanding its motion and supplemental brief to the Honorable United States Magistrate Judge Douglas E. Miller to review and consider." Id. ¶ 3.

On January 31, 2020, the Clerk of the Court docketed three documents titled as "responses" from Petitioner, each "response" was dated January 28, 2020. ECF Nos. 29–31. The first response is titled "response to amend supplement rule 5 answer" and asks that the Court dismiss the Respondent's Supplemental Motion to Dismiss. ECF No. 29. The second response is titled "response to brief to rule 5 answer and motion" and Petitioner asks the Court to dismiss this matter and adopt Magistrate Judge Miller's decision. ECF No. 30. The third response is titled "response magistrate judge recommendations" and Petitioner states that he fully agrees with Magistrate Judge Miller's R&R and that he had no objections. ECF No. 31. That same day

---

[5] The untimeliness argument in Respondent's Supplemental Filings was also included as one of Respondent's objections to Judge Miller's R&R. See ECF No. 23 at 2.

Petitioner also filed a Motion to Appoint Counsel. ECF No. 32.

## II.  DISCUSSION

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report and recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. Additionally, the Court may recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The Court, having examined the Respondent's Objections to the R&R, and having made de novo findings with respect thereto, does hereby **OVERRULE** the Respondent's Objections, and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the R&R. ECF No. 18. Accordingly, the Respondent's Motion to Dismiss is **GRANTED IN PART** with respect to Claims Two and Three and **DENIED IN PART** with respect to Claim One. The Petitioner's Claims Two and Three are hereby **DISMISSED WITH PREJUDICE**, and the Petitioner may proceed on Claim One.

Moreover, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this case is hereby **RECOMMITTED** to the Magistrate Judge Douglas E. Miller for further proceedings on Petitioner's Claim One. Further, it is **ORDERED** that Magistrate Judge Douglas E. Miller is designated to develop the record through discovery, additional briefing, hold an evidentiary hearing if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Petitioner's Claim One.

In addition, the Court acknowledges that the timeliness issue of Claim One raised in Respondent's Supplemental Motion to Dismiss, (ECF Nos. 19,21), was not substantively dealt

with in the R&R. To the extent, this issue must be developed further, the Court **RECOMMITS** this issue to Magistrate Judge Miller.

Additionally, with respect to Petitioner's Motion to Appoint Counsel, ECF No. 32, the Court notes that there is no constitutional right to counsel in non-capital federal habeas corpus proceedings. See McCleskey v. Zant, 499 U.S. 467, 495 (1991). However, the Court has the discretionary power to appoint counsel to represent an indigent party. Booker v. Johnson, No. 2:10CV271, 2010 WL 11530671, at *8 (E.D. Va. Dec. 2, 2010), subsequently dismissed, 473 F. App'x 249 (4th Cir. 2012) ("the Court would only appoint counsel upon the grant of expanded discovery, an evidentiary hearing or if the interest of justice otherwise required counsel. See Rules 6(a) and 8(c) of the Rules Governing Section 2254 cases; 18 U.S.C. § 3006 A(a)(2)."). Petitioner's Claim One presents a basis for exercise of this Court's discretionary power to appoint counsel. Accordingly, the Court finds it is in the interest of justice to hereby **APPOINT** the Federal Public Defender's Office as counsel for Petitioner with respect to Claim One.

Finally, no appeal may yet be taken in this case, until disposition of all claims in this habeas corpus action.

The Clerk shall mail a copy of this Order to Petitioner and counsel of record for Respondent.

    **IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 8, 2020